# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 00-68 (ADM/AJB)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **PLEA AGREEMENT AND** |
| | ) | **SENTENCING STIPULATIONS** |
| WESLEY EUGENE BROOKS, | ) | |
| | ) | |
| Defendant. | ) | |

The United States of America, by its attorneys, B. Todd Jones, United States Attorney for the District of Minnesota, and Anthony W. Brown, Assistant United States Attorney, and the defendant, Wesley Eugene Brooks, and his attorney, Sam McCloud, Esq., hereby agree to resolve this case on the following terms and conditions:

This Plea Agreement is entirely voluntary and represents the entire agreement between the United States Attorney and defendant regarding defendant's criminal liability.

This Plea Agreement concerns criminal liability only, and nothing herein shall limit or in any way waive or release any administrative or judicial civil claim, demand or cause of action, whatsoever, of the United States or its agencies. Moreover, this Agreement is limited to the United States Attorney's Office for the District of Minnesota and cannot bind any other federal, state or local prosecuting, administrative or regulatory authorities except as expressly set forth in this Agreement.

FILED APR 07 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

6

36

1. Defendant acknowledges that he has been charged in the indictment in this case with firearms offenses in violation of Title 18, United States Code, Section 922.

2. Defendant has read the charges against him contained in the indictment and those charges have been fully explained to him by his attorney.

3. Defendant fully understands the nature and elements of the crimes with which he has been charged.

4. Defendant will enter a voluntary plea of guilty to Count One in this case.

5. Defendant will plead guilty because he is in fact guilty of the charges contained in Count One of the indictment. In pleading guilty, defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt:

**FACTUAL BASIS**

The United States and Defendant agree on the following factual basis for the plea:

On or about November 24, 1999, in the State and district of Minnesota, the defendant,

WESLEY EUGENE BROOKS,

did knowingly possess, a firearm, to wit, a North China Industries, Norinco, Model 320, 9mm semiautomatic rifle, Serial Number MSA03443, after the firearm had traveled in interstate commerce. Defendant was and is a convicted felon, having been convicted in



37

the State of Minnesota for the felony crime of Assault, and is a person prohibited from possessing a firearm.

**PLEA AGREEMENT**

1. Defendant will enter a plea of guilty to Count 1 of the Indictment, charging him with possessing a firearm after previously being convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Section 922(g)(1).

2. Defendant understands that Count 1 carries a maximum potential statutory penalty of:

a. Ten years' imprisonment

b. A $250,000 fine;

c. A term of supervised released of not more than three years;

d. The imposition of the costs of prosecution, imprisonment, and supervision; and

e. A mandatory special assessment of $100.

3. There is no agreement as to the imposition upon Defendant the costs of his imprisonment or supervised release, and the Court in its discretion, may impose either or both.

4. Defendant understands that the term of supervised release will be consecutive to any term of imprisonment that will be imposed upon him, and that during the term of supervised release he may be sentenced to an additional term of imprisonment of up to the



38

length of the original supervised release term if he is found by the Court to have violated the terms and conditions of his supervised release.

5. The parties agree that Defendant has demonstrated acceptance of responsibility for his conduct. If the government does not receive additional evidence in conflict with this provision, and if the defendant continues to accept responsibility for his actions, within the meaning of Guideline 3E1.1, a two-level reduction in the offense level is appropriate. Defendant has provided timely complete information concerning his own involvement in the offense, notified the Government timely of his intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the court to allocate its resources efficiently, within the meaning of Guideline 3E1.1(b); an additional one-point reduction in the offense level is therefore appropriate, provided the court determines the offense level to be 16 or greater prior to the operation of Guideline 3E1.1(a). There is no agreement as to: costs, supervised release, or denial of federal benefits.

6. The Government agrees to move the Court to dismiss Count Two of the indictment at the time of sentencing.

7. Defendant understands that by pleading guilty he surrenders certain rights, including the following:



39

(a) If defendant persisted in a plea of not guilty to the charges against him, he would have the right to a public and speedy trial. The trial could be either a jury trial or a trial by the judge sitting without a jury. The defendant has a right to a jury trial. However, in order that the trial be conducted by the judge sitting without a jury, the defendant, the government, and the judge all must agree that the trial be conducted by the judge without a jury.

(b) If the trial is a jury trial, the jury would be composed of twelve laypersons selected at random. Defendant and his attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising so-called peremptory challenges. The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent, and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt and that it was to consider each count of the indictment separately.

(c) If the trial is held by the judge without a jury, the judge would find the facts and determine, after hearing all the evidence, and considering each count separately, whether or not the judge was persuaded of defendant's guilt beyond a reasonable doubt.



40

(d) At a trial, whether by a jury or a judge, the Government would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the court.

(e) At a trial, defendant would have a privilege against self-incrimination so that he could decline to testify, and no inference of guilt could be drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

8. Defendant understands that by pleading guilty he is waiving all the rights set forth in the prior paragraph. Defendant's attorney has explained those rights to him, and the consequences of his waiver of those rights. Defendant further understands he is waiving all appellate issues that might have been available if he had exercised his right to trial. The defendant is also aware that Title 18, United States Code, Section 3742 affords a defendant the right to appeal the sentence imposed. Acknowledging all of this, the defendant knowingly waives the right to appeal any sentence within the maximum provided in the statute(s) of conviction (or the manner in which that sentence was determined) on the grounds set forth in Section 3742 or on any



41

ground whatever, in exchange for the concessions made by the United States in this Plea Agreement. The defendant also waives his right to challenge his sentence or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under Title 28, United States Code, Section 2255.

9. Defendant understands that the indictment and this Plea Agreement are matters of public record and may be disclosed to any party.

10. Defendant understands that the United States Attorney's Office will fully apprize the District Court and the United States Probation Office of the nature, scope and extent of defendant's conduct regarding the charges against him, and related matters, including all matters in aggravation and mitigation relevant to the issue of sentencing.

**GUIDELINE RECOMMENDATIONS**

11. Defendant understands that he will be sentenced in accordance with the applicable sentencing guidelines under the Sentencing Reform Act of 1984. The proper application of those guidelines is a matter solely within the discretion of the Court.

12. The parties, however, have agreed upon the following positions regarding the sentencing factors applicable to this case. The factors set forth below are binding on the parties but not the Court. If the Court determines the factors to be different than those set forth below, Defendant understands and agrees that he cannot withdraw his plea:



42

a. Base Offense Level. The parties agree that the base offense level for a violation of 18 U.S.C. §§ 922(g)(1) is 20. U.S.S.G. § 2K2.1(a)(4).

The parties agree that the base offense level for a violation of 18 U.S.C. §§ 922(g)(3) is 20. U.S.S.G. § 2K2.1(a)(4)(A).

b. Victim-Related/Role-in-Offense/Obstruction. The parties agree that the base offense level is adjusted upward by 2 levels. U.S.S.G. § 3C1.2. The parties agree that no adjustment is necessary for considerations found in Chapter 3; Parts A, B, or D.

c. Acceptance of Responsibility. The government will recommend a three (3) level reduction for acceptance of responsibility under the conditions set forth in this plea agreement concerning the defendant's conduct. U.S.S.G. §3E1.1(a).

d. Total Offense Level. Based on the foregoing stipulations, the total offense level as calculated by the parties is 19 (22-3).

e. Criminal History Category. The parties believe Defendant's criminal history category is VI. If Defendant's criminal history category as finally computed is determined to be a category other than category VI, neither Defendant nor the government may withdraw this plea based upon that ground and Defendant agrees to be sentenced in accordance with the applicable Sentencing Guidelines.



43

f. Guideline Range. Depending on the Court's determination of guideline factors, the parties believe the following guideline ranges are applicable without departure:

A. At an offense level of 22 and a criminal history category of VI, the Sentencing Guidelines range for imprisonment is 84-105 months(Computation with no reductions).

B. At an offense level of 19 and a criminal history category of VI, the Sentencing Guidelines range for imprisonment is 63-78 months(Computation with 3 level reduction for acceptance of responsibility).

g. Fine Range. The parties believe the applicable fine range to be a low of $6,000 (at an offense level of 19) to a high of $75,000 (at an offense level of 22. U.S.S.G. § 5E1.2(c)(3).

i. Supervised Release. The Sentencing Guidelines specify that if a term of supervised release is imposed, the Court is required to impose a term of supervised release of at least two years but not more than three years. U.S.S.G. § 5D1.2(a)(2).

h. Departure. The parties agree there is no basis for an downward departure under the sentencing guidelines. The Government agrees not to argue for an upward departure.

13. Given an adjusted offense level of 19 and a criminal history of category VI, the defendant understands that the resulting sentencing guideline range provides for a term of imprisonment of 63-78 months of imprisonment. The Government agrees to recommend a sentence of 78 months of imprisonment. The Defendant stipulates that a sentence of 78 months of imprisonment



44

is acceptable to him and is within the applicable sentencing guidelines.

14. The Defendant agrees to pay a $30,000 fine on Count 1.

15. Separate from any fines imposed by the Court, Defendant agrees to pay the required special assessment of $100 pursuant to 18 U.S.C.§ 3013(a)(2)(A), at the time of sentencing. The defendant agrees that he will not be entitled to acceptance of responsibility if this obligation is not paid by sentencing.

16. The above-stated position of the parties with respect to the sentencing factors is not binding on the Court. If the Court determines the factors to be different than those stated above, neither Defendant nor the government shall be entitled to withdraw from the plea agreement.

17. Defendant and his attorney acknowledge that no threats, promises, or representations have been made, nor agreements reached, other than those set forth in this Agreement, to cause defendant to plead guilty.

18. Defendant agrees this Plea Agreement shall be filed and become a part of the record in this case.

19. Should the judge refuse to accept the defendant's plea of guilty, this Agreement shall become null and void and neither party will be bound thereto.

20. Defendant acknowledges that he has read this Agreement and carefully reviewed each provision with his attorney. Defendant further acknowledges that he understands and voluntarily accepts each and every term and condition of this Agreement.



45

21. The government reserves its right to proceed against any of the defendant's assets if said assets represent real or personal property involved in violations of United States law, or are proceeds traceable to such property.

The foregoing accurately sets forth the full extent of the plea agreement and the sentencing stipulations in the above-captioned case.

Dated: 4/4/2000

B. TODD JONES
United States Attorney

BY: ANTHONY W. BROWN
Assistant U.S. Attorney
TX Bar Number 03091600

Dated: 4/6/00

WESLEY EUGENE BROOKS
Defendant

Dated: 4/6/00

SAM McCLOUD, ESQ.
Counsel for the Defendant



46

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION
Docket No. 0:00CR00068-001 (ADM)

United States of America,

Plaintiff,

vs.

Wesley Eugene Brooks,

Defendant.

POSITION OF THE DEFENDANT WITH RESPECT TO SENTENCING

To: The above named Court and
Anthony W. Brown Assistant U.S. Attorney

The defendant, Wesley Eugene Brooks, through his attorney, Samuel A. McCloud, respectfully requests that the court sentence Mr. Brooks pursuant to the joint recommendations contained in the Plea agreement herein.

Dated: 5-18-00

Sam McCloud
Samuel A. McCloud
Attorney Reg. No. 69693
Suite 1000, Circle K,
Box 216
Shakopee, MN 55379
612-445-6595

FILED MAY 19 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

(7)

47

# EXHIBIT B

**UNITED STATES DISTRICT COURT** **DISTRICT OF MINNESOTA**

**Wesley Brooks**

**Petitioner,**

**vs.**

**United States of America**

**Respondent.**

**PETITION FOR WRIT OF HABEAS CORPUS PERSONS IN FEDERAL CUSTODY UNDER TITLE 28 U.S.C. SECTION 2241**

**Case No. 00-68(1)(ADM/AJB)**

1. **Place of detention:** Rush City Correctional Facility

2. **Name and location of court which imposed sentence:**

   United States District Court, District of Minnesota

3. **The indictment number or numbers (if known) upon which and the offense or offenses for which sentence was imposed:**

   Indictments: 18 U.S.C. §922(g)(1); 18 U.S.C. §922(g)(3); 18 U.S.C. §924(a)(2)

   Sentence was imposed with regard to 18 U.S.C §922(g)(1) - Felon in possession of a firearm.

4. **The date upon which sentence was imposed and the terms of the sentence:**

   September 21, 2001
   Wesley Brooks was committed to the custody of the United States Bureau of Prisons to be imprisoned for a total of 78 months. This term of imprisonment is to be served concurrently back to the original sentencing date of June 23, 2000, with the sentence imposed by the state which defendant is now serving.
   Wesley Brooks was ordered to pay total criminal monetary penalties in the amount of a $60,000 fine.

5. **Check whether a finding of guilty was made**

   a. **After a plea of guilty** X

   b. **After a plea of not guilty** ___

   c. **After a plea of nolo contendere** ___

6. **If you were found guilty after a plea of not guilty, check whether that finding was made by:**

   a. **A jury ___**

   b. **A judge without a jury X**

7. **Did you appeal the judgment of conviction or the imposition of a sentence?** No

8. **If you answered 'yes' to Item 7, list:**

   a. **The name of each court to which you appealed**

   b. **The result in each such court to which appealed**

   c. **The date of such result**

   d. **If known, citations of any written opinions or orders entered pursuant to such results.**

9. **State concisely the grounds on which you base your allegation that you are being held in custody unlawfully. Each ground for relief should be described separately, and each ground should include (1) a concise statement of the relevant facts and (2) a brief description of the legal principle(s) on which it is based.**

   **Ground 1:** Incompetence of counsel

   (a) Incorporated by reference and enclosed herein, find a copy of a letter from Gary R. Bryant-Wolf regarding the incompetence of counsel Sam McCloud to request discovery in this case before advising Mr. Brooks to plead guilty.

   (b) Failure to investigate the case thoroughly which violated petitioner's Sixth Amendment right to effective assistance of counsel according to the standard set forth in Strickland v.

Washington 466 U.S.668 (1984) which held that the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. Mr. Brooks' counsel's representation fell way below the objective standard of reasonableness required by the court in Strickland. Finally, there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different for Mr. Brooks.

(c) Failure to investigate a valid search and seizure issue which petitioner believes was not effectively researched and litigated and which resulted in recovery of evidence which was the subject matter for petitioner's guilty plea.

**Additional grounds may be set forth on an attached page.**

**10. Have you filed previous petitions for habeas corpus, motions under Section 2255 of Title 28, United States Code, or other applications, Petitions or motions with respect to this conviction?** No **Please list below:**

**11. If you answered 'yes' to Item 10, list with respect to each petition, motion or application**

**a. The specific nature thereof:**

**b. The name and location of the court in which each was filed.**

**c. The disposition thereof:**

**d. The date of each such disposition:**

e. **If known, the citations of any written opinions or orders entered pursuant to each such disposition.**

**12. If you did not file a motion under Section 2255 of Title 28, United States Code, or if you filed such a motion and it was denied, then for each ground raised here, state why your remedy by way of such motion is inadequate or ineffective to test the legality of your detention:**

**Ground 1:** Mr. Brooks was required to waive his right to file a Section 2255 motion according to his plea agreement.

**Additional grounds may be set forth on an attached page.**

**13. Has any ground set forth in Item 9 (above) been previously presented to this or any other federal court by way of petition for habeas corpus, motion under Section 2255 of Title 28, United States Code, or any petition, motion or application?**

No

**14. If you answered "yes" to Item 13, identify all of the proceedings in which each such ground was raised.**

**If there are additional grounds, attach a separate page.**

**15. Have any of the grounds for relief presented in this petition been raised in any prison grievance procedure or administrative remedies procedure? Yes No** X

**16. If you answered 'yes' to Item 15, then for each ground that has been raised describe (1) each step that was taken to resolve the claim through a grievance procedure or administrative remedies procedure and (2) the disposition of the claim at each step.**

**(Copies of any written materials pertaining to grievance procedures or administrative remedies procedures – including statements of the claim(s) presented and responses received – should be attached to this petition.)**

17. **Are there any administrative remedies available for any of your grounds for relief that have not been exhausted?** Unknown

18. **If you answered 'yes' for Item 17, then for each such unexhausted ground for relief, explain why the available administrative remedies were not fully exhausted.**

19. **If you were represented by an attorney during any of the following procedures, then state the name and address of such attorney(s):**

    a. **Your appearance before a United States Magistrate Judge?**

    **Name:** Samuel A. McCloud

    **Address:** Box 216, Suite 1000, Circle K, Shakopee, MN 55379

    b. **Your arraignment and plea?**

    **Name:** Samuel A. McCloud

    **Address:** Box 216, Suite 1000, Circle K, Shakopee, MN 55379

    c. **Your trial, if any?** N/A

    **Name**________

    **Address**________

    d. **Your sentencing?**

    **Name:** Samuel A. McCloud

    **Address:** Box 216, Suite 1000, Circle K, Shakopee, MN 55379

    e. **Your appeal, if any, from the judgment of conviction or the imposition of sentence?** N/A

Name______

Address________

f. Preparation, presentation, or consideration of any petitions, motions or applications with respect to this conviction, which you filed?

Name: Samuel A. McCloud

Address: Box 216, Suite 1000, Circle K, Shakopee, MN 55379

20. If you are seeking leave to proceed in forma pauperis, have you completed the sworn affidavit setting forth the required information? (see instructions, page 1 of this form) N/A

________________________(Signature of Petitioner) being first sworn under oath, presents that he/she has subscribed to the foregoing petition and does state that the information therein is true and correct to the best of his/her knowledge and belief.

________________________ (Signature of Affiant)

SUBSCRIBED AND SWORN to before me this 6th day of July, 2004

________________________
Notary Public

BONNIE SUE HOOLE
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2007

**NOTARIZATION IS NOT NECESSARY IF THE FOLLOWING STATEMENT IS COMPLETED**

**I declare under penalty of perjury that the foregoing is true and correct.**

**Executed on** 7/6/04 **(date)**

______________________________ **(Signature)**

GARY R. BRYANT-J.
LAWYER

BARRISTERS TRUST BUILDING
247 THIRD AVENUE SOUTH
MINNEAPOLIS, MINNESOTA 55415
(612) 338-7090

June 29, 2003

Mr. Wesley Brooks
INMATE No. 149666
MCF-Stillwater
970 Pickett Street North
Bayport, MN 55303-1490

Dear Mr. Brooks:

I drove down to Hastings last week to check on all of your past criminal files. There are a lot of them and they go way, way back in time. The main one dealt with the guns that eventually went to federal court. There was no discovery at all in the file. Nothing. I then went to the federal court in St. Paul and checked the files there. Your file in federal court had nothing in it. Nothing. Even the court docket revealed nothing because your lawyer had you plead guilty so fast that no discovery was ordered released by the federal magistrate judge.

In Dakota County the state does not give discovery without a written request. You pleaded guilty before your lawyer even requested discovery. In federal court, the docket entries to your case reflect that you pleaded guilty so fast that no discovery was ordered.

So, no discovery exists anywhere in court files.

As to the current case in Rice County, Sam McCloud changed the May trial date to July. I was ready for that May trial date. I am out of the country during the new trial time in July and August. Sam did not check with me before he changed the date. I had to call the court to see what had happened to the first trial date. I cannot change my plans. I am unavailable until September.

I have written to Sam and told him that if wants me in the courtroom

... September. I also sent him ... of the receipts that Tara gave to me.

You fired me about a year ago in favor of Sam. Needless to say I was surprised you did that. That is your right. Over the past year, I still have met with you a half a dozen times, attended court dates, and have done whatever research Sam wanted me to do. Your replacing me with Sam came about because I did not see you for a 5 week period last May and June. I could not see anyone at that time as I was in a federal trial involving racketeering and murder. There was nothing going on in your case at that time. You suffered no detriment because I could not see you for that time period. You chose Sam for whatever your reason was, I was never told, but I cannot argue with your decision. He is a great lawyer and he really seems to have the ability to get you fantastic plea arrangements. Listen to him. If he works out deal in this case, take it. If you want to talk about it, we can arrange a call through your case manager at the prison.

Good luck to you. Do not be self-destructive. You make decisions that hurt you and that are not logical. Get out of this case as best you can, do your little bit of extra time and be free again. You have too much heart and soul to be locked up for the next 30 years.

Sincerely,

Gary R. Bryant-Wolf

Gary R. Bryant-Wolf

2

*Held*:

1. The Sixth Amendment right to counsel is the right to the effective assistance of counsel, and the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. The same principle applies to a capital sentencing proceeding -- such as the one provided by Florida law -- that is sufficiently like a trial in its adversarial format and in the existence of standards for decision that counsel's role in the proceeding is comparable to counsel's role at trial. Pp. 684-687.

2. A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or setting aside of a death sentence requires that the defendant show, first, that counsel's performance was deficient and, second, that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. Pp. 687-696.

(a) The proper standard for judging attorney performance is that of reasonably effective assistance, considering all the circumstances. When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness. Judicial scrutiny of counsel's performance must be highly deferential, and a fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. A court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. These standards require no special amplification in order to define counsel's duty to investigate, the duty at issue in this case. Pp. 687-691.

(b) With regard to the required showing of prejudice, the proper standard requires the defendant to show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. A court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury. Pp. 691-696.

3. A number of practical considerations are important for the application of the standards set forth above. The standards do not establish mechanical rules; the ultimate focus of inquiry must be on the fundamental fairness of the proceeding whose result is being challenged. A court need not first determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies. If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, that course should be followed. The principles governing ineffectiveness claims apply in federal collateral proceedings as they do on direct appeal or in motions for a new trial. And in a federal habeas challenge to a state criminal judgment, a state court conclusion that counsel rendered effective assistance is not a finding of fact binding on the federal court to the extent stated by *28 U. S. C. § 2254*(d), but is a mixed question of law and fact. Pp. 696-698.

4. The facts of this case make it clear that counsel's conduct at and before respondent's sentencing proceeding cannot be found unreasonable under the above standards. They also make it clear that, even assuming counsel's conduct was unreasonable, respondent suffered insufficient prejudice to warrant setting aside his death sentence. Pp. 698-700.