# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

WESLEY BROOKS,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Civil No. 04-3160 (ADM/JSM)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241. The case has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons discussed below, it is recommended that the petition for writ of habeas corpus be summarily dismissed pursuant to Rule 4 of The Rules Governing Section 2254 Cases In The United States District Courts.[1]

## I. BACKGROUND

In 2000, Petitioner pleaded guilty here in the District of Minnesota to a federal criminal charge of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). United States v. Brooks, Crim. No. 00-68 (1) (ADM/AJB). He received a 78-month prison sentence, to be served concurrently with a previously-imposed

[1] Rule 4 provides that "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the Petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the Petitioner to be notified." Although The Rules Governing Section 2254 Cases are most directly applicable to habeas petitions filed by state prisoners pursuant to 28 U.S.C. § 2254, they also may be applied to habeas cases brought under 28 U.S.C. § 2241. Rule 1(b); Mickelson v. United States, Civil No. 01-1750 (JRT/SRN), (D.Minn. 2002), 2002 WL 31045849 at *2; Bostic v. Carlson, 884 F.2d 1267, 1270, n.1, (9th Cir. 1989); Rothstein v. Pavlick, No. 90 C 5558 (N.D.Ill. 1990), 1990 WL 171789 at *3.

state prison sentence.[2]

Petitioner did not file a direct appeal following his federal conviction and sentence, nor has he previously challenged his conviction or sentence by any other means. He is presently serving his concurrent state and federal sentences at the Minnesota Correctional Facility in Rush City, Minnesota.

Petitioner is now challenging his 2000 federal criminal conviction for the first time in his current § 2241 habeas corpus petition. He claims that he that he was deprived of his constitutional right to effective assistance of counsel during his federal criminal prosecution, because his attorney (i) failed to request discovery before recommending a guilty plea, (ii) failed to thoroughly investigate the case, and (iii) failed to investigate, research and litigate a search and seizure issue, (which is not identified in Petitioner's submissions). (Petition, [Docket No. 1], pp. 2-3, § 9.)

For the reasons discussed below, the Court concludes that Petitioner cannot raise his present claims in a § 2241 habeas corpus petition. It will therefore be recommended that this action be summarily dismissed for lack of jurisdiction.

## II. DISCUSSION

As a general rule, a federal prisoner can maintain a collateral challenge to his conviction or sentence only by filing a motion in the trial court pursuant to 28 U.S.C. § 2255. The fifth paragraph of § 2255 provides that

> "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [i.e., § 2255], shall not be entertained if it appears that the applicant has failed to apply for

---

[2] According to the docket sheet in Petitioner's federal criminal case, the judgment by which he was convicted and sentenced was amended twice in September 2001.

relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

In effect, a motion brought in the trial court under § 2255 is the exclusive remedy available to a federal prisoner who is asserting a collateral challenge to his conviction or sentence. Hill v. Morrison, 349 F.3d 1089, 1091 (8th Cir. 2003)("[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255... and not in a habeas petition filed in the court of incarceration... under § 2241"). No court has jurisdiction to hear such a challenge under 28 U.S.C. § 2241 (or otherwise), unless the Petitioner has affirmatively demonstrated that the remedy provided by § 2255 "'is inadequate or ineffective to test the legality of...[his] detention.'" DeSimone v. Lacy, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam), quoting 28 U.S.C. § 2255. See also Von Ludwitz v. Ralston, 716 F.2d 528, 529 (8th Cir. 1983) (per curiam) (same).

In this case, it is readily apparent that Petitioner is challenging the validity of his 2000 federal criminal conviction and sentence. He is seeking to have his conviction and sentence set aside based on a claim of ineffective assistance of counsel. The present petition is therefore subject to, and barred by, the § 2255 exclusive remedy rule.

In some cases, a § 2241 habeas petition that is barred by the exclusive remedy rule can simply be construed to be a motion brought under § 2255. The matter can then be transferred to the trial court so the prisoner's claims can be addressed on the merits there. In this case, however, Petitioner is precluded from seeking relief under § 2255, because any § 2255 motion that he might attempt to bring at this time would be time-barred under the one-year statute of limitations applicable to § 2255 motions.

The applicable statute of limitations, which is set forth in the sixth paragraph of § 2255, provides that –

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> **(1)** the date on which the judgment of conviction becomes final;
>
> **(2)** the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> **(3)** the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(4)** the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

The docket sheet in Petitioner's criminal case indicates that his judgment of conviction and sentence was entered on June 23, 2000. He had 10 days from that date to file an appeal. Fed. R. App. P. 4(b)(1)(A). Because he did not file an appeal, the one-year statute of limitations began to run, pursuant to clause (1) of the sixth paragraph of § 2255,[3] from the deadline for filing an appeal. See Kapral v. United States, 166 F.3d 565, 577 (3rd Cir. 1999) ("[i]f a defendant does not pursue a timely direct appeal to the court of appeals, his or her conviction and sentence become final, and the statute of limitations

---

[3] In this case, there is nothing on the face of the petition to suggest that clauses (2), (3) or (4) of the sixth paragraph of § 2255 would have any applicability. In other words, there is no suggestion that the government created any impediment that prevented Petitioner from seeking § 2255 relief within the prescribed one-year limitation period, nor is there any suggestion that Petitioner's claims are based on any newly-established constitutional right or any new evidence that could not have been discovered earlier.

begins to run, on the date on which the time for filing such an appeal expired"). Thus, in Petitioner's case, the one-year statute of limitations for filing a § 2255 motion began to run on July 3, 2000, and expired on July 3, 2001.

It is now more than one full year after the statute of limitations deadline expired, (indeed it is now more than three years after that deadline expired), so it is now too late for Petitioner to seek relief under § 2255.[4] That being the case, it would not be appropriate to construe the present habeas corpus petition to be a § 2255 motion, and allow Petitioner's current claims to be entertained under § 2255.

Furthermore, it appears that Petitioner deliberately elected to seek relief under the § 2241 habeas corpus statute, presumably because he believes that the remedy provided by § 2255 is "inadequate or ineffective to test the legality" of his conviction. He apparently thinks that his current petition is exempt from § 2255's exclusive remedy rule, and that he can challenge his conviction and sentence in a § 2241 habeas corpus proceeding, because he is not presently eligible for relief under § 2255. That reasoning must be rejected.

The rule against successive § 2255 motions would be rendered meaningless if a prisoner who is procedurally barred from bringing a § 2255 motion could simply argue that the remedy provided by that statute has become "inadequate or ineffective," and that he should therefore be allowed to bring his claims in a § 2241 habeas corpus petition or some other form of action. Congress could not have intended for the § 2255 [¶ 6] one-year statute of limitations to be so easily evaded. The Eighth Circuit Court of Appeals

---

[4] Even if the the starting date of the statute of limitations were somehow extended by the 2001 amendments to Petitioner's judgment of conviction and sentence, (see n. 2, supra), it still would be much too late at this point for Petitioner to seek relief under § 2255.

presumably had this in mind when it held that § 2255 will not be viewed as inadequate or ineffective "merely because § 2255 relief has already been denied,... or because Petitioner has been denied permission to file a second or successive § 2255 motion... or because a second or successive § 2255 motion has been dismissed, ... or because Petitioner has allowed the one year statute of limitations and/or grace period to expire." United States v. Lurie, 207 F.3d 1075, 1077 (8th Cir. 2000) (citations omitted) (emphasis added). See also United States ex rel Perez v. Warden, FMC Rochester, 286 F.3d 1059, 1061-62 (8th Cir.) (reaffirming that § 2255 is not rendered inadequate or ineffective by operation of the procedural restrictions that apply to § 2255 motions), cert. denied, 537 U.S. 869 (2002); Hill, 349 F.3d at 1091 ("in order to establish a remedy is 'inadequate or ineffective' under § 2255, there must be more than a procedural barrier to bringing a § 2255 petition").

Based on Lurie, Perez, and Hill, the Court concludes that Petitioner cannot validly assert that § 2255 is an inadequate or ineffective remedy for his present claims simply because he is now barred from seeking relief under § 2255 due to the one-year statute of limitations. See Mickelson v. United States, No. 01-1750 (JRT/SRN) (D.Minn. 2002) (Tunheim, J.), 2002 WL 31045849 at * 4 ("[i]t is well settled that expiration of the statute of limitations is not sufficient to invoke the [inadequate or ineffective remedy] 'safety valve'" of § 2255).

Petitioner also seems to be contending that § 2255 is an inadequate or ineffective remedy for his current challenges to his conviction and sentence because he expressly waived his right to bring a § 2255 motion as part of his plea agreement. (Petition, p. 4, §12.) This contention must be rejected because Petitioner's waiver of his right to seek relief under § 2255 does not affect the adequacy or effectiveness of the statutory remedy

itself. As District Judge Tunheim explained in Mickelson, supra:

> "[The petitioner's] suggestion that § 2255 is inadequate because he waived his right to use it 'attributes blame to the wrong source.'... [Perez 286 F.3d at 1062.] [The petitioner] cannot argue that § 2255 is inadequate or ineffective, because it is not the impediment to the relief he seeks; the true impediment (besides the statute of limitations) is his waiver of collateral attack rights under § 2255. See id. Because [the petitioner's] 'attempts to gain relief have not been hampered by the § 2255 remedy itself,' the Court finds that [the petitioner] cannot bring his § 2255 claims in a § 2241 motion before this Court."

2002 WL 31045849.[5]

## III. CONCLUSION

In sum, the Court finds that: (1) Petitioner's current application for habeas corpus relief challenges the validity of his criminal conviction and sentence; (2) such challenges can be raised only in a motion for relief under 28 U.S.C. § 2255, unless the remedy provided by that statute is "inadequate or ineffective;" (3) the instant petition cannot be construed as a § 2255 motion, because Petitioner is barred from relief under § 2255 by the statute of limitations, and (4) Petitioner's present inability to seek relief under § 2255 does not cause the remedy provided by § 2255 to be "inadequate or ineffective" so as to excuse him from § 2255's exclusive remedy rule. Thus, the Court concludes that Petitioner's current § 2241 habeas corpus petition cannot be entertained here, and that the petition

---

[5] Judge Tunheim also pointed out in Mickelson that a prisoner may still be able to seek relief under § 2255, even if he previously waived the right to bring a motion under that statute, if he can prove that the waiver was given as part of a plea agreement that resulted from ineffective assistance of counsel. 2002 WL 31045849 at * 3, citing DeRoo v. United States, 223 F.3d 919, 923 (8th Cir. 2000). However, in this case, as in Mickelson, it is unnecessary to consider whether Petitioner's § 2255 waiver is enforceable or avoidable, because it is now too late to seek relief under § 2255 in any event. See Mickelson, 2002 WL 31045849 at *3 (noting that the enforceability of the petitioner's § 2255 waiver is "somewhat academic, because even if [the petitioner] made a colorable ineffective assistance of counsel claim under DeRoo, his claim would still be time-barred").

should be summarily dismissed for lack of jurisdiction. See DeSimone, 805 F.2d at 323-24 (§ 2241 habeas petition challenging judgment entered in a different district was properly dismissed for lack of subject matter jurisdiction, where Petitioner had not demonstrated that § 2255 motion was an inadequate or ineffective remedy).[6]

## IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

Petitioner's application for habeas corpus relief under 28 U.S.C. § 2241, (Docket No. 1), be DISMISSED for lack of jurisdiction.

Dated: July 14, 2004

s/ Janie S. Mayeron
JANIE S. MAYERON
United States Magistrate Judge

Under D.Minn. LR 72.1(c)(2) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by July 29, 2004, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.

---

[6] The Court notes that even if Petitioner's ineffective assistance claims could properly be raised under § 2241, this case would undoubtedly be dismissed early on, because Petitioner has made no effort to explain why he believes his federal criminal prosecution would have reached a more favorable outcome if his attorney had represented him differently.

# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

************************************************************************

WESLEY BROOKS,

Petitioner,

vs.

UNITED STATES OF AMERICA,

Respondent.

JUDGE MONTGOMERY

CIVIL NO: 04-3160 (ADM/JSM)

**AFFIDAVIT OF SAMUEL A. MCCLOUD**

************************************************************************

STATE OF MINNESOTA )
) ss.
COUNTY OF Scott )

I, Samuel A. McCloud, being first duly sworn upon oath, deposes and states as follows:

1. That Affiant is an attorney licensed to practice in Minnesota;

2. That Affiant submits this Affidavit in support of Wesley Eugene Brooks' Petition for Writ of Habeas Corpus;

3. That Affiant represented Wesley Eugene Brooks on a federal charge of being a Felon in Possession of a Firearm, in violation of 18 U.S.C. §§922(g)(1) and 924(a)(2), in the District of Minnesota;

4. That because of the nature of the offense Affiant did not investigate the circumstances of Wesley Eugene Brooks case, nor did Affiant obtain discovery prior to advising Wesley Eugene Brooks to plead guilty;

FURTHER AFFIANT SAYETH NOT.

Samuel A. McCloud, Esq.

Subscribed and sworn to before me this 29 day of October, 2004.

Notary Public

JACQUILINE K. ECKBLAD
NOTARY PUBLIC – MINNESOTA
My Comm. Expires Jan. 31, 2005

# EXHIBIT E

R. Bryant
3rd Ave. S.
ls., MN 55415

MINNEAPOLIS MN 55
PM
5 JUL
2003

AW
353

Mr. Wesley E. Brooks
OID # 149666
MCF-STILLWATER
920 Pickett St. N.
BAYPORT, MN 55303-1490

55003+1485

# EXHIBIT F

**GARY R. BRYANT-WOLF**

*LAWYER*

*BARRISTERS TRUST BUILDING*
*247 THIRD AVENUE SOUTH*
*MINNEAPOLIS, MINNESOTA 55415*

*(612) 338-7090*

June 29, 2003

Mr. Wesley Brooks
INMATE No. 149666
MCF-Stillwater
970 Pickett Street North
Bayport, MN 55303-1490

Dear Mr. Brooks:

I drove down to Hastings last week to check on all of your past criminal files. There are a lot of them and they go way, way back in time. The main one dealt with the guns that eventually went to federal court. There was no discovery at all in the file. Nothing. I then went to the federal court in St. Paul and checked the files there. Your file in federal court had nothing in it. Nothing. Even the court docket revealed nothing because your lawyer had you plead guilty so fast that no discovery was ordered released by the federal magistrate judge.

In Dakota County the state does not give discovery without a written request. You pleaded guilty before your lawyer even requested discovery. In federal court, the docket entries to your case reflect that you pleaded guilty so fast that no discovery was ordered.

So, no discovery exists anywhere in court files.

As to the current case in Rice County, Sam McCloud changed the May trial date to July. I was ready for that May trial date. I am out of the country during the new trial time in July and August. Sam did not check with me before he changed the date. I had to call the court to see what had happened to the first trial date. I cannot change my plans. I am unavailable until September.

I have written to Sam and told him that if wants me in the courtroom

he must move the trial to September. I also sent him all of the receipts that Tara gave to me.

You fired me about a year ago in favor of Sam. Needless to say I was surprised you did that. That is your right. Over the past year, I still have met with you a half a dozen times, attended court dates, and have done whatever research Sam wanted me to do. Your replacing me with Sam came about because I did not see you for a 5 week period last May and June. I could not see anyone at that time as I was in a federal trial involving racketeering and murder. There was nothing going on in your case at that time. You suffered no detriment because I could not see you for that time period. You chose Sam for whatever your reason was, I was never told, but I cannot argue with your decision. He is a great lawyer and he really seems to have the ability to get you fantastic plea arrangements. Listen to him. If he works out deal in this case, take it. If you want to talk about it, we can arrange a call through your case manager at the prison.

Good luck to you. Do not be self-destructive. You make decisions that hurt you and that are not logical. Get out of this case as best you can, do your little bit of extra time and be free again. You have too much heart and soul to be locked up for the next 30 years.

Sincerely,

Gary R. Bryant-Wolf

Gary R. Bryant-Wolf

2