# EXHIBIT I

STATE OF MINNESOTA, COUNTY OF WASHINGTON DISTRICT COURT

STATE OF MINNESOTA )
)ss.
COUNTY OF WASHINGTON)

APPLICATION FOR SEARCH WARRANT AND SUPPORTING AFFIDAVIT

MATT SOKOL, being first duly sworn upon oath, hereby makes application to this Court for a warrant to search the motor vehicle hereinafter described, for the property and things hereinafter described.

Affiant knows the contents of this application and supporting affidavit, and the statements herein are true of his own knowledge, save as to such as are herein stated on information and belief, and as to those, he believes them to be true.

Affiant has good reason to believe, and does believe, that the following described property and things, to-wit:

Weapons, firearms, and/or ammunition.

Scales, paraphernalia, and/or clear plastic baggies.

Records showing or evidencing transactions in controlled substances.

Items used or maintained for the purposes of distributing and/or consuming controlled substances, including but not limited to syringes, needles, straws, and mirrors.

Cocaine and other controlled Substances as defined in Minnesota Statutes Chpt. 152.

Pagers, cellular telephones, telephone answering machines, caller ID boxes, and/or other communication devices.

will be in the motor vehicle described as:

1993 Buick Riviera, presently located at 3489 Hadley Avenue North, Oakdale, Minnesota

located in the City of Oakdale, County of WASHINGTON, and State of Minnesota.

This affiant applies for issuance of a search warrant upon the following grounds:

The property above-described was used as means of committing a crime.
The property above-described constitutes evidence which tends to show a crime has been committed, or tends to show that a particular person has committed a crime.



MSP 2400 TEL:651-779-5925 Dec 01.99 15:28 No.034 P.03

The facts tending to establish the foregoing grounds for issuance of a search warrant are as follows:

I am a member of the Minnesota State Patrol and a licensed Minnesota peace officer and, as such, have authority to apply for this warrant. I have received extensive training, and I am experienced in investigation of cases involving trafficking in controlled substances, and I have also consulted with other members of the State Patrol who are trained in and familiar with trafficking in controlled substances and the use of motor vehicles to transport controlled substances, related paraphernalia, records and proceeds of drug use and distribution.

I participated in follow-up investigation which commenced on November 24, 1999, in Dakota County. On that date, troopers worked with members of the Burnsville Police Department and several other law enforcement agencies in the apprehension of Wesley Eugene Brooks. Brooks is familiar to law enforcement and is presently wanted as an armed and dangerous fugitive felon. At approximately 3:30 p.m. on November 24, 1999, Burnsville Police Department initiated a pursuit and sought assistance of other law enforcement, recognizing they were in pursuit of Wesley Eugene Brooks. Brooks, according to records, is wanted on four felony warrants, including second degree assault and is known to possess controlled substances, particularly cocaine. He also has previously been prosecuted for felony drug violations and fleeing a peace officer in a motor vehicle.

The Minnesota State Patrol initiated the assist in the pursuit. The pursuit involved high speed chases and occurred over approximately a distance of 60 miles through Dakota County, Scott County, Rice County and Steele County. Officers on at least five occasions attempted to use stop stick technology to bring the vehicle to a halt. Each time the stop sticks were used, Brooks drove out of that lane to avoid hitting them. It was subsequently learned upon apprehension of Brooks that he had a police scanner in his vehicle which would allow him to monitor police frequencies and be aware of the stop stick locations. Brooks drove at a high rate of speed weaving in and out of traffic and, at one point, his rear tire blew out. At that time he continued to flee police officers in excess of 90 mph, operating on three wheels and a metal rim. Finally, in the area of Highway 14 and Highway 35 in Owatonna, officers were able to block in the suspect's vehicle and pin it against the freeway fence. At that time officers got out of their vehicle and pointed a shotgun directly at Brooks who did not react at all and appeared to be under the influence of a controlled substance. Brooks was observed to slide into the passenger seat, open the door, and climb through a barbed wire fence, cutting a four-inch gash in his arm and began to flee on foot. Brooks was pursued and eventually apprehended. After Brooks was apprehended, officers returned to his vehicle which he was driving during the pursuit and which is a 1993 Buick Riviera that lists to Rochelle Marie Johnson-Brooks, but that Wesley Eugene Brooks claimed to be his. In plain view of the vehicle, officers could see a significant quantity of United States currency, hypodermic needles, and a yellow/white powder substance. Officers could see at least five hypodermic needles in the vehicle. Because it was involved as an instrumentality of pursuit, pursuant to inventory and impound policies of the Minnesota State Patrol, the suspect's vehicle was towed to State Patrol Offices at 3489 Hadley Avenue North, Oakdale, Minnesota, which is in Washington County. The vehicle remains at that location at this time.

Incident to the arrest of Brooks, a probable cause and inventory search was subsequently commenced of the vehicle. Officers found numerous hypodermic needles inside the passenger compartment, including two which appeared to have fresh blood on them. It appears that Brooks was injecting cocaine as he was driving during the pursuit. Emergency room doctors at the Owatonna Hospital, where Brooks was taken, have advised that Brooks had cocaine in his system and was given medication to counter that effect. During the search a baggie was found which contained approximately one-half ounce of a white powder which appeared to be cocaine. Also discovered inside the vehicle was technology that officers have learned is commonly used for persons who deal in and transport controlled substances. Officers found a radar detector, a police scanner, night vision goggles, interstate and intrastate maps, atlas book, book of police radio frequencies, laundry detergent and air fresheners, which are used to hide the smell of drugs from drug-detecting dogs, spot lights, electric razors, and a cellular telephone. The vehicle was also packed with clothing, toiletries, as well as other material which would indicate an intention to take a long trip. The total amount of currency found inside the vehicle was $1,870. Officers also found approximately ten hotel room keys and over 25 different types of drug paraphernalia, five of which tested positive for the presence of cocaine.

An inventory search was also conducted of the trunk and in one of the bags in the trunk, officers found an illegal UZI submachine gun which was loaded with a full clip. Officers also found a 9mm handgun and gun cleaning tools. Also found in that container were documents containing Brooks' name, as well as personal correspondence. The trunk also contained narcotics equipment, including sauce pans, butane and propane and cooking items which are used to cook drugs.

Upon closer examination of the vehicle, officers noted that the door panels had been altered. Silver tape had been placed over the top of the driver's door and the screws normally in that location were missing from the passenger door panel. I know from my training and experience and consultation with other officers that the taping of the top of door panels is a common technique used by drug dealers to seal out moisture when narcotics and other controlled substances, currency or drug records are hidden in the door panel. Officers also noticed some type of box attached to the upper left portion of the trunk which is of a type which can readily be used for transportation.

As a result of my training, experience and information provided by drug experts, I know that with few exceptions controlled substances are sold by weight, and that those dealing in quantities of controlled substances use scales, such as a beam or balance scale, to weigh quantities of drugs and keep those devices in their possession.

Because of my training, experience and information provided by drug experts, I know that controlled substances are routinely packaged in clear, plastic baggies and that smaller quantities are often kept in "bindles", which are smaller, folded pieces of paper.

I am aware, from my training, experience and information provided by drug experts, that drug dealers who deal in powdered drugs such as cocaine or methamphetamine routinely keep on hand and possess cutting agents, used to dilute controlled substances prior to sale.



MSP 2400 TEL:651-779-5925 Dec 01 '99 15:29 No.034 P.05

Due to my training, experience and information provided by drug experts I am aware that drug transactions almost always involve cash. Because of the illegal nature of the transactions, those dealing in drugs do not report that income on their tax returns. I and/or other narcotics officers have frequently seized notes which list prices of drugs by such references as one-half ounce for a specific amount of money or one-quarter ounce for a specific amount of money. The amount of money being earned by a drug dealer through drug sales is often revealed through deposits of cash into savings or checking accounts, and/or other financial accounts. This information can be used to establish a historical record of the suspect's drug dealing and may be used for charges such as money laundering and racketeering.

Because of my training, experience and information provided by drug experts, I know that drug dealers routinely keep in possession telephone or address books containing the names of those to whom they are selling drugs or from whom they are receiving the drugs offered for sale.

Past experience in executing search warrants has shown me that controlled substances are frequently found at the property to be searched even though they were not specifically requested in this application and search warrant. Therefore, it is requested that I be authorized to seize all illegal drugs under this warrant.

I am aware from my training, experience and information provided by drug experts, that dealers in controlled substances routinely engage in communication with accomplices and co-conspirators. These communications take place through a variety of means, including the use of pagers, cellular telephones, and telephone answering machines. The contents of such records and devices frequently establish the nature and extent of drug dealer's contacts with other sources and co-conspirators. I request under the authority of this warrant permission to seize and examine the contents of such means of communication and financial and billing records which relate thereto and which establish ownership and/or possession of the devices.

WHEREFORE, Affiant requests a search warrant be issued commanding Matt Sokol and other officers under his direction and control peace officers, of the State of Minnesota, to enter between the hours of 7:00 a.m. and 8:00 p.m. to search the hereinbefore described motor vehicle for the above-described property and things and to seize said property and things and keep said property and things in custody until the same can be dealt with according to law.

Matt Sokol
Affiant

Subscribed and sworn to before me this 29th day of Nov., 1999.

Judge of District Court



MSP 2400 TEL:651-779-5925 Dec 01 '99 15:30 No.034 P.06

# EXHIBIT J

# SEARCH WARRANT

STATE OF MINNESOTA, COUNTY OF WASHINGTON DISTRICT COURT

TO: Matt Sokol and other officers under his direction and control, PEACE OFFICERS OF THE STATE OF MINNESOTA.

WHEREAS, MATT SOKOL has this day on oath, made application to the said Court applying for issuance of a search warrant to search the following described motor vehicle :

1993 Buick Riviera, presently located at 3489 Hadley Avenue North, Oakdale, Minnesota

located in the City of Oakdale, County of WASHINGTON, STATE OF MINNESOTA, for the following described property and things:

Weapons, firearms, and/or ammunition.

Scales, paraphernalia, and/or clear plastic baggies.

Records showing or evidencing transactions in controlled substances.

Items used or maintained for the purposes of distributing and/or consuming controlled substances, including but not limited to syringes, needles, straws, and mirrors.

Cocaine and other controlled Substances as defined in Minnesota Statutes Chpt. 152.

Pagers, cellular telephones, telephone answering machines, caller ID boxes, and/or other communication devices.

WHEREAS, the application and supporting affidavit of MATT SOKOL was duly presented and read by the Court, and being fully advised in the premises.

NOW, THEREFORE, the Court finds that probable cause exists for the issuance of a search warrant upon the following grounds:

The property above-described was used as means of committing a crime.

The property above-described constitutes evidence which tends to show a crime has been committed, or tends to show that a particular person has committed a crime.

The Court further finds that probable cause exists to believe that the above-described property and things will be in the motor vehicle.

NOW THEREFORE, you Matt Sokol and other officers under your direction and control the peace officer(s) aforesaid, are hereby commanded to enter between the hours of 7:00 a.m. and 8:00 p.m. to search the described motor vehicle for the above-described property and things, and to seize said property and things and to retain them in custody subject to court order and according to law.

BY THE COURT:

Dated: 11/29/99

JUDGE OF DISTRICT COURT



MSP 2400 TEL:651-779-5925 Dec 01,99 15:31 No.034 P.08

# EXHIBIT K

RECEIPT, INVENTORY AND RETURN

STATE OF MINNESOTA, COUNTY OF WASHINGTON, DISTRICT COURT

## RECEIPT, INVENTORY AND RETURN

I, MATTHEW C. SOKOL, received the attached search warrant issued by the Honorable JUDGE MUHLBERG, on 11-29, 19 99, and have executed it as follows:

Pursuant to said warrant, on 11-30, 19 99, at 1:30 o'clock P m., I searched the ☐ (premises) ☒ (motor vehicle) ☐ (person) described in said warrant, and left a true and correct copy of said warrant ☐ (with) ☒ (in) ☒ (at) 1993 BUICK RIVIERA LOCATED AT 3489 HADLEY AVE., N., OAKDALE, MN 55128

I took into custody the property and things listed below: (attach and identify additional sheet if necessary)

- 3 SYRINGES FOUND IN CD CASE IN TRUNK
- 1 SPOON IN SUITCASE IN TRUNK
- 1 POLICE SCANNER PROGRAM BOOK IN A SUITCASE IN TRUNK
- 1 FOUR COUNTY TELEPHONE DIRECTORY IN A SUITCASE IN TRUNK
- 1 MAP OF METRO BIRMINGHAM ALABAMA BEHIND FRONT PASSENGER SEAT
- 1 PACKAGE OF AIR FRESHENERS
- 1 CAN OF FIX A FLAT.

☒ **CHECK APPROPRIATE BOX:**

☒ I left a receipt for the property and things above with a copy of the warrant.

☐ None of the items set forth in the search warrant were found.

☒ I shall (retain) or (deliver) custody of said property as directed by Court order.

MATTHEW C. SOKOL, being first duly sworn, upon oath, deposes and says that he has read the foregoing receipt, inventory and return and the matters stated are true and correct, expect as to such matters stated therein on information and belief, and as to those, he believes them to be true.

Subscribed and sworn to before me this 1 day of December, 19 99

Jacqueline V. Fredrick
Notary Public County, MN

My commission expires 1-31-00

Matthew C. Sokol
Signature

JACQUELINE V. FREDRICK
NOTARY PUBLIC – MINNESOTA
WASHINGTON COUNTY
Comm. Expires Jan. 31, 2000

Distribution: White--Court Copy Yellow--Pros Atty Pink--Peace Officer Gold--Premises Person

MSP 2400 TEL:651-779-5925 Dec 01 '99 15:31 No.034 P.09