UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

***************************************************************************************

UNITED STATES OF AMERICA,

Petitioner,
vs.

WESLEY EUGENE BROOKS,

Respondent.

The Honorable Ann D. Montgomery
CIVIL NO: 0:00-cr-00068-1 (ADM/AJB)

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR CREDIT FOR TIME SERVED

***************************************************************************************

Tracy L. Perzel and Coryn Bartlett, on behalf of the United States of America.

F. Clayton Tyler, Esq., 230 TriTech Office Center, 331 Second Avenue South, Minneapolis, MN, 55401, on behalf of Respondent Wesley Eugene Brooks.

***************************************************************************************

This memo is written to request that the Court exercise its discretion when making its final determination in sentencing Wesley Brooks (hereinafter "Defendant") for violation of his Special Parole.

Defendant acknowledges that he is in violation of his Special Parole conditions by virtue of his guilty plea in Hennepin County District Court File # 27CR07031696, dated October 9, 2007.

Defendant's original conviction was a Class C felony (*See* Sent. Tr. 3:15-20, June 23, 2000, attached as Exhibit A). Per 18 U.S.C. § 3583(e)(3) the Court has discretion to revoke all or part of Defendant's supervised release. *See* 18 U.S.C § 3583(e)(3) (2006). If the Court revokes and imprisons Defendant for a period of two years (Defendant's maximum sentence per 18 U.S.C. §3583(e)(3)) supervised release should be extinguished upon his release. *See id.*

In the alternative, however, if the Court revokes Defendant's Special Parole and imprisons him for less than the statutory maximum of two years, then the Court may terminate Defendant's Special Parole or it may require the Defendant be placed on an additional term of supervised release as authorized by statute for the offense that resulted in the original term of supervised release less any term of imprisonment that was imposed on revocation of supervised release. 18 U.S.C § 3583(e)(2) (2006).

Defendant requests that the Court sentence him to fourteen months and then discharge him from supervised release at the end of the fourteen month period.

## FACTUAL BACKGROUND

On June 23, 2000, Defendant was convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), a Class C felony. 18 U.S.C. § 922(g)(1) (2000); *U.S. Sentencing Guideline Manual* § 7B1.1(a)(3) (2000). Based on a Category VI criminal history score, Defendant was sentenced to the upper end of the grid, 78 months in prison and a $60,000 fine. (Sentencing Tr. 3:15-20, June 23, 2000); *U.S. Sentencing Guideline Manual* §7B1.4 (2000). Defendant was also ordered to serve a supervised release term of three years after the period of incarceration. (Sentencing Tr. 5:24-25, June 23, 2000).

Since Defendant's release, Defendant's sentence has been modified and he has been imprisoned or has been in community confinement as follows:

1. 9/30/05 –modification for traffic offense -24 hours community service – hearing waived;
2. 10/12/05 – modification for use of alcohol and traffic offense - 60 days EHM – hearing waived;
3. 3/23/06 – modification for two traffic offenses - 30 days community service – hearing waived;
4. 8/28/06 – modification for traffic offenses, delay in reporting, and failure to appear for drug testing - 60 days community corrections – hearing waived;
5. 11/06 – 1/07 – 120 days incarceration at Lino Lakes for traffic offense – hearing waived;

6. 5/23/07 – 10/11/07 – pending state charges while a Federal hold for probation violations was outstanding; [1] and
7. 10/11/07 – present – Federal warrant executed for probation violations Defendant is in custody.

It is Defendant's contention that he should receive credit for all time he served in custody (more than 8 months) for two reasons. Firstly, Defendant believes credit is due because he has been on a federal court hold at all times during the period in which he has been in custody. Secondly, Defendant believes credit is due because this Court's September 21, 2001 Amended Judgment indicated that Defendant would receive credit for time served in any federal, state, or local detention center. (Am. J., Sept. 21, 2001)

[1] Defendant was revoked because of state court charges while he was awaiting a federal court modification sending him to treatment in New York.

## ARGUMENT

There are three reasons the Court should exercise its discretion and sentence Defendant to 14 months imprisonment for violation of his Special Parole.

First, the Court has flexibility to exercise its discretion in sentencing matters. *See U.S. Sentencing Guidelines Manual* §7A(3) (2000) (explaining that the Sentencing Commission only made policy statements because "this approach provided greater flexibility to both the Commission and the courts.")

Secondly, Defendant was sentenced to 78 months which was at the high end of the Sentencing Guideline grid for the crime he committed.[2] (Sent. Tr. 3:15-20, June 23, 2000).

Lastly, Defendant feels that he should get credit for his in-custody state court time because of this court's order dated 9/21/01, which allowed Defendant to receive credit for time he has served in both state and county detention facilities. (Am. J., Sept. 21, 2001).

[2] Defendant also feels his counsel at the time was incompetent and that his counsel should have objected to the extra 2 point increase Defendant received under §3C1.2 at his original sentencing.

*A) The Court should exercise its discretion when sentencing Defendant.*

The Court should exercise its discretion when sentencing Defendant because he has served more than eight months in jail on state court matters during which time a federal hold had been placed on him. The Court has the discretion to give this credit because of the non-binding nature of the United States Sentencing Guidelines (hereinafter "USSG").

*United States v. Shaw* stands for the proposition that the sentencing guideline ranges for violations of Special Parole are not binding.180 F.3d 920, 922 (8th Cir. 1999). In this case the sentencing range for a Class A violation would normally be from 33-41 months. However, pursuant to USSG we believe the maximum sentence the court should impose is 24 months. *U.S. Sentencing Guideline Manual* § 7B1.4 (2000). Since the USSG are merely a reference point, there is no binding guideline from which to depart. *Shaw, supra*, at 922. This court therefore has the discretion to grant Defendant whatever sentence it sees fit.

*B) Time served as a result of modifications should be included in computing credit for time served in agreement with the amended judgment.*

Defendant argues that time he served as a result of the various modifications he received while he was under a federal court hold should be considered in calculating his ultimate sentence upon revocation. The reason for this is because this court's September 21, 2001 amended judgment grants

credit for time served in any federal, state or local detention center. (Am. J., Sept. 21, 2001) Consequently, Defendant argues that any time served as a result of the modifications should be included when computing credit for time served.

1. *Sentence modifications refer back to the original judgment.*

All modifications should be subject to the 9/21/01 amended judgment because the modifications refer back to Defendant's original judgment and probation. (Am. J., Sept. 21, 2001) According to the Merriam-Webster Dictionary, the term "modification" describes a limited change in something. *Merriam-Webster Dictionary: Home and Office Edition* 333 (1995). In this case, the change was in the original sentence that Defendant received. These modifications occurred as a result of violations of his probation. The modifications are limited because they do not completely replace the original sentence, but add new conditions to his sentence.

2. *Since modifications refer back to Defendant's original judgment, all should be subject to the 9/21/01 amended judgment.*

Because the modifications received refer back to the judgment, Defendant argues that they should all be subject to the amended judgment of September 21, 2001. (Am. J., Sept. 21, 2001) The amended judgment of September 21, 2001 provided for a change to Defendant's sentence: Defendant could receive credit for time served in federal, state or local detention centers.

(Am. J., Sept. 21, 2001) Defendant requests that all time spent in custody be considered in computing this revocation sentence.

Defendant therefore believes he should receive credit for all time he has served in state and county detention facilities prior to this revocation hearing. Therefore when deciding Defendant's ultimate revocation sentence this court may take into consideration time served while on federal hold during the following periods:

- Three months from November 2006 to January 2007 – imprisoned at Lino Lakes state court facility; and
- Five months from June 2007 to November 2007 – imprisoned in various state court facilities.

These eight months of custody time may be considered when computing Defendant's ultimate sentence on revocation of his Special Parole.

*C) This Court's decision to apply credit for time served in agreement with sentence amendments would reasonable, meeting the court's standard of review.*

There are two reasons that the court's decision to consider credit for time served is a reasonable decision meeting the court's standard of review. First, courts are granted discretion in sentencing matters. *United States v. Booker*, 543 U.S. 220, 233 (2005). Second, unlike case law that has vacated sentences, the decision to consider credit would be reasonable. Case law indicates that substantially departing from sentencing guidelines, either above or below, can

be grounds for sentence to be vacated. *United States v. Sindima*, 488 F.3d 81 (2nd Cir. 2007) and *United States v. Ratoballi*, 452 F.3d 127 (2nd Cir. 2006). These cases support a court decision to account for time served as "reasonable," not likely to be vacated on appeal. Booker, *id.* at 263.

This court's decision to grant Defendant a sentence less than 24 months is not be an abuse of discretion because it is a reasonable option. If the sentence were appealed, it would be subject to *United States v. Booker*. *Id.* at 262-63. Under *Booker* sentences are reviewed under a reasonableness standard, which *United States v. Fernandez* has considered "akin to review for abuse of discretion." 443 F.3d 19, 27 (2d Cir.), *cert. denied,* 127 S.Ct. 192 (2006). The *Booker* "reasonableness" standard and the abuse of discretion standard allow this court to consider other time Defendant has served in custody as long as Defendant was on a federal hold at the time he was incarcerated. Under the applicable sentencing guidelines abuse of discretion standard, this court's decision to consider Defendant credit for time served would be reasonable.

Thus, a decision to consider granting Defendant credit for time served when calculating Defendant's ultimate revocation sentence would not be overturned. Sentences vacated on appeal have included both overly lenient and overly strict sentences. *United States v. Ratoballi*, 452 F.3d 127 (2nd Cir. 2006), (*overturning sentence for being too lenient: the crime would normally require prison time and a fine, but neither was issued*); and *United States v. Sindima,* 488 F.3d 81 (2nd Cir. 2007) (*sentence was too strict where defendant with a*

*criminal history level of 1 was sentenced to 26 months above the high end of the guidelines range*). Compared to *Ratoballi* and *Sindima*, Defendant's request for the Court to exercise its discretion and sentence him to 14 months is reasonable because most if not all of the time Defendant served in custody was served while Defendant was on a federal hold.

## CONCLUSION

This Court has the discretion to consider a credit for time served in calculating Defendant's overall revocation. While courts under the Eighth Circuit may not have adopted the practice of granting credit, *Booker* and the advisory nature of the USSG allow the sentencing court to so act. *Booker*, 543 U.S. at 263. For the foregoing reasons, we respectfully request this court to sentence Defendant to 14 months and to terminate his special parole.

**F. CLAYTON TYLER, P.A.**

Dated: November 8, 2007

s/F. Clayton Tyler
F. Clayton Tyler (11151X)
Attorney for Defendant
230 Tri Tech Office Center
331 Second Avenue South
Minneapolis, MN 55401
(612) 333-7309