UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | | |
|---|---|---|
| | ) | CRIMINAL ACTION |
| UNITED STATES OF AMERICA | ) | NO. 00-68 (ADM/AJB) |
| | ) | |
| vs. | ) | |
| | ) | Courtroom 13 West |
| WESLY EUGENE BROOKS | ) | Friday, June 23, 2000 |
| | ) | Minneapolis, Minnesota |

---

# S E N T E N C I N G

BEFORE THE HONORABLE ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

**A P P E A R A N C E S:**

For the Government: **OFFICE OF THE U.S. ATTORNEY**
By: MICHELLE E. JONES
Assistant U.S. Attorney
600 United States Courthouse
300 South Fourth Street
Minneapolis, Minnesota 55415

For the Defendant: **McCLOUD & BOEDIGHEIMER**
By: SAMUEL A. McCLOUD, ESQUIRE
Box 216 - Suite 1000, Circle K
Shakopee, Minnesota 55379

Court Reporter: **TIMOTHY J. WILLETTE, RDR, CRR**
Official Court Reporter - U.S.D.C.
1005 United States Courthouse
300 South Fourth Street
Minneapolis, Minnesota 55415
612.664.5108

EXHIBIT
tabbies
A

(9:30 a.m.)

PROCEEDINGS

IN OPEN COURT

THE COURT: Good morning. Please be seated.

THE CLERK: The Court calls the case of United States of America vs. Wesly Eugene Brooks, Criminal Case No. 00-68.

Would counsel note their appearances for the record, please.

MS. JONES: Michelle Jones for the United States.

THE COURT: Good morning, Ms. Jones.

MS. JONES: Good morning, your Honor.

THE COURT: Mr. McCloud?

MR. McCLOUD: Sam McCloud on behalf of Mr. Brooks.

THE COURT: If you and Mr. Brooks would come to the podium, please.

(Mr. McCloud and Defendant approach podium)

THE COURT: It is my understanding that the Probation Office has completed its presentence investigation and that both Mr. McCloud and I think Mr. Brown on behalf of the United States have had an opportunity to review it.

It is my understanding that there are no objections to the factual statements as they are contained within the presentence investigation.

Is that correct, Ms. Jones, from the standpoint of

the United States?

MS. JONES: Yes, it is, your Honor.

THE COURT: And Mr. McCloud from the standpoint of your client, Mr. Brooks?

MR. McCLOUD: Correct.

THE COURT: Therefore, I believe the appropriate guideline analysis to this case in applying the guidelines to the facts would be that we start at a base level offense of 20. Two points are added for an obstruction of justice related to the chase at the time of the arrest. However, three points are subtracted for Mr. Brooks' acceptance of his responsibility as indicated by his guilty plea and the post-arrest conduct, which would bring us to an offense level of 19.

Mr. Brooks has a criminal history score of 42 points, which places him in category VI, which would make the guideline sentence 63 to 78 months, the supervised release range two to three years, the fine range $6,000 to $60,000, plus costs of imprisonment or supervised release, and a special assessment fee of $100.

Ms. Jones, is that the guideline analysis that the U.S. Attorney's Office feels is appropriate?

MS. JONES: It is, your Honor, with one point I'd like to make for the record. And that is, the plea agreement provides that the defendant is entitled to acceptance if he

paid the special assessment before or at the time of sentencing. The defendant has not yet done that, but Counsel has represented that he will take care of that today.

THE COURT: All right.

MR. McCLOUD: As soon as we're done, I'll walk down and take care of it, your Honor.

THE COURT: All right. Thank you. And with that accomplished, I take it, Mr. McCloud, the defendant doesn't object to that guideline analysis.

MR. McCLOUD: That's correct, your Honor.

THE COURT: As both counsel know, there was a plea agreement in this case that the upper end of the guidelines was appropriate, and in return for that the United States would not seek an upward departure nor the defendant a downward departure.

Similarly, the fine was agreed that it should be at the upper end of the guideline range, $60,000, so in terms of the plea negotiation, I think it was largely a take-it-or-leave-it negotiation to me and I think it's appropriate under the circumstances, but I don't want to not give any party a chance to allocute under the circumstances.

Was there anything further that the United States wished to make known regarding Mr. Brooks and the issues of his sentencing, Ms. Jones?

MS. JONES: Nothing further, your Honor, just

consistent with the plea agreement, the Government would recommend a 78-month sentence.

THE COURT: All right. Mr. McCloud?

MR. McCLOUD: We have nothing further, your Honor. The plea agreement I think is appropriate.

THE COURT: Mr. Brooks, this is your opportunity. If there's anything you'd like to say or want me to know about you or this offense, I'd be happy to hear anything you might want to let me know.

THE DEFENDANT: No, thank you.

THE COURT: All right. I do accept the negotiation and believe it appropriate under the circumstances.

Wesly Eugene Brooks, you have been charged in an indictment with being a felon in possession of a firearm, which is a violation of Title 18, United States Code, Section 922, which would be a Class C felony. Based upon your plea of guilty to that charge, it is considered and adjudged that you are guilty of that offense.

It is therefore adjudged that you be committed to custody of the Bureau of Prisons for imprisonment for a term of 78 months. You are ordered to be given credit for the time already served on this offense.

Additionally, it is ordered that you serve a supervised release term of three years under the following

terms and conditions:

That you not commit any crimes; federal, state, or local.

That you abide by the standard conditions of supervised release as recommended by the Sentencing Commission.

You are also ordered not to possess any firearms or other dangerous weapons.

You are ordered to abstain from the use of alcohol and other intoxicants and not to frequent establishments whose primary business is the sale of alcoholic beverages.

In addition, I do order that you participate in a program for drug and alcohol abuse at the direction of the Probation Office, and that program may include testing, inpatient or outpatient treatment, counseling, or a support group.

It is required that you undergo mandatory drug testing as set forth in Title 18, United States Code, Sections 3563 and 3583.

It is also ordered that you pay the special assessment fee of $100, which Mr. McCloud has told us will be accomplished shortly after this hearing.

And additionally, you are required to pay a fine of $60,000 pursuant to the negotiation, and that is ordered to be paid to the Clerk of the United States District Court.

MR. McCLOUD: Your Honor, I believe the fine we agreed to was $30,000.

THE COURT: Oh. It was?

MS. JONES: That's consistent with the Government's recollection, your Honor.

THE COURT: All right. Is that what we thought, Ms. Gustaveson?

MR. McCLOUD: It's in the plea agreement. It's in the papers.

MS. GUSTAVESON: Your Honor, the Court can go up to the maximum in order to cover the costs of incarceration and supervision.

THE COURT: The negotiation was for a fine of thirty, and then was a calculation made of those costs?

MS. GUSTAVESON: They would be substantially in excess of $60,000.

THE COURT: Okay. Let me look. Did the plea agreement address the issue of the costs of supervision? I think that was left up to me.

MS. JONES: There was no agreement in that regard, your Honor.

MR. McCLOUD: That's correct. We did not look at that, other than to state that one of the reasons we set the fine higher was because that was part of the consideration here.

(Pause - Court is reading)

THE COURT: Well, I think it's clear that the costs of supervision and the costs of incarceration were left open and within my discretion, so I do think it's appropriate to assess those given the defendant's wherewithal and his lack of any expenses in the next period of time against the defendant, so I will order that the fine be $60,000.

Ms. Jones, with respect to Count 2, is there a motion?

MS. JONES: Yes, your Honor. The United States moves to dismiss Count 2 of the indictment.

THE COURT: Count 2 is ordered dismissed.

The record should reflect that the fine amount will be $30,000 and it will be $60,000 by the addition of the costs of supervision and imprisonment.

Counsel, you are hereby advised the defendant has a right to appeal this sentence, as does the United States; however, the grounds would be slim, I take it, based upon the plea agreement. Let me just look again. I don't believe the plea agreement addressed appeal rights.

In any event, if there were to be any appeal, I advise you, Mr. Brooks, that would have to be filed within the next ten days or you'd waive or give up your right to appeal.

I don't believe in these circumstances you would be

entitled to assistance of counsel since I doubt that you would be able to show you are unable to afford an attorney, but if there were a change in your financial circumstances, counsel would be appointed for you.

The Court does find that this sentence of 78 months is sufficient to comply with statutory objectives for sentencing as set forth in Title 18, United States Code, Section 3553(a).

And I believe the defendant is in custody and will remain in custody.

Anything further, Ms. Jones?

MS. JONES: No, your Honor.

THE COURT: Mr. McCloud?

MR. McCLOUD: No, ma'am.

THE COURT: All right. Thank you.

(Proceedings concluded at 9:41 a.m.)

* * * * *

# C E R T I F I C A T E

I, **TIMOTHY J. WILLETTE**, Official Court Reporter for the United States District Court, do hereby certify that the foregoing pages are a true and accurate transcription of my shorthand notes, taken in the aforementioned matter, to the best of my skill and ability.

**TIMOTHY J. WILLETTE, RDR, CRR**
Official Court Reporter - U.S. District Court
1005 United States Courthouse
300 South Fourth Street
Minneapolis, Minnesota 55415-2247
612.664.5108