# CHAPTER SEVEN - VIOLATIONS OF PROBATION AND SUPERVISED RELEASE

## PART A - INTRODUCTION TO CHAPTER SEVEN

### 1. Authority

Under 28 U.S.C. § 994(a)(3), the Sentencing Commission is required to issue guidelines or policy statements applicable to the revocation of probation and supervised release. At this time, the Commission has chosen to promulgate policy statements only. These policy statements will provide guidance while allowing for the identification of any substantive or procedural issues that require further review. The Commission views these policy statements as evolutionary and will review relevant data and materials concerning revocation determinations under these policy statements. Revocation guidelines will be issued after federal judges, probation officers, practitioners, and others have the opportunity to evaluate and comment on these policy statements.

### 2. Background

(a) Probation.

Prior to the implementation of the federal sentencing guidelines, a court could stay the imposition or execution of sentence and place a defendant on probation. When a court found that a defendant violated a condition of probation, the court could continue probation, with or without extending the term or modifying the conditions, or revoke probation and either impose the term of imprisonment previously stayed, or, where no term of imprisonment had originally been imposed, impose any term of imprisonment that was available at the initial sentencing.

The statutory authority to "suspend" the imposition or execution of sentence in order to impose a term of probation was abolished upon implementation of the sentencing guidelines. Instead, the Sentencing Reform Act recognized probation as a sentence in itself. 18 U.S.C. § 3561. Under current law, if the court finds that a defendant violated a condition of probation, the court may continue probation, with or without extending the term or modifying the conditions, or revoke probation and impose any other sentence that initially could have been imposed. 18 U.S.C. § 3565. For certain violations, revocation is required by statute.

(b) Supervised Release.

Supervised release, a new form of post-imprisonment supervision created by the Sentencing Reform Act, accompanied implementation of the guidelines. A term of supervised release may be imposed by the court as a part of the sentence of imprisonment at the time of initial sentencing. 18 U.S.C. § 3583(a). Unlike parole, a term of supervised release does not replace a portion of the sentence of imprisonment, but rather is an order of supervision in addition to any term of imprisonment imposed by the court. Accordingly, supervised release is more analogous to the additional "special parole term" previously authorized for certain drug offenses.



EXHIBIT
B
tabbies

With the exception of intermittent confinement, which is available only for a sentence of probation, the conditions of supervised release authorized by statute are the same as those for a sentence of probation. When the court finds that the defendant violated a condition of supervised release, it may continue the defendant on supervised release, with or without extending the term or modifying the conditions, or revoke supervised release and impose a term of imprisonment. The periods of imprisonment authorized by statute for a violation of the conditions of supervised release generally are more limited, however, than those available for a violation of the conditions of probation. 18 U.S.C. § 3583(e)(3).

3. **Resolution of Major Issues**

(a) Guidelines versus Policy Statements.

At the outset, the Commission faced a choice between promulgating guidelines or issuing advisory policy statements for the revocation of probation and supervised release. After considered debate and input from judges, probation officers, and prosecuting and defense attorneys, the Commission decided, for a variety of reasons, initially to issue policy statements. Not only was the policy statement option expressly authorized by statute, but this approach provided greater flexibility to both the Commission and the courts. Unlike guidelines, policy statements are not subject to the May 1 statutory deadline for submission to Congress, and the Commission believed that it would benefit from the additional time to consider complex issues relating to revocation guidelines provided by the policy statement option.

Moreover, the Commission anticipates that, because of its greater flexibility, the policy statement option will provide better opportunities for evaluation by the courts and the Commission. This flexibility is important, given that supervised release as a method of post-incarceration supervision and transformation of probation from a suspension of sentence to a sentence in itself represent recent changes in federal sentencing practices. After an adequate period of evaluation, the Commission intends to promulgate revocation guidelines.

(b) Choice Between Theories.

The Commission debated two different approaches to sanctioning violations of probation and supervised release.

The first option considered a violation resulting from a defendant's failure to follow the court-imposed conditions of probation or supervised release as a "breach of trust." While the nature of the conduct leading to the revocation would be considered in measuring the extent of the breach of trust, imposition of an appropriate punishment for any new criminal conduct would not be the primary goal of a revocation sentence. Instead, the sentence imposed upon revocation would be intended to sanction the violator for failing to abide by the conditions of the court-ordered supervision, leaving the punishment for any new criminal conduct to the court responsible for imposing the sentence for that offense.

The second option considered by the Commission sought to sanction violators for the particular conduct triggering the revocation as if that conduct were being sentenced as new federal criminal conduct. Under this approach, offense guidelines in Chapters Two and Three of the Guidelines Manual