UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 00-68(ADM)

UNITED STATES OF AMERICA,
Plaintiff,
v.
WESLEY EUGENE BROOKS,
Defendant.

**ORDER OF DETENTION**

This matter came before the Court on October 15, 2007, for preliminary revocation hearing and upon the motion of the United States for an Order of Detention. The defendant was present and represented by his attorney F. Clayton Tyler. The United States was represented by Assistant United States Attorney Tracy L. Perzel.

Wesley Eugene Brooks is alleged to have violated the conditions of his supervised release by committing additional felony offenses while on supervision in addition to other violations. The defendant waived the preliminary revocation hearing on October 15, 2007, at which time the Court concluded that probable cause existed to believe the defendant had violated his supervised release and specifically, that he committed the felony offenses of fleeing a police officer in a motor vehicle and possession of a controlled substance.

The United States persisted in its motion for detention. Based upon the alleged violations of supervised release and on the arguments of counsel, the Court concludes that there has been a

clear and convincing showing that no condition or combination of conditions of bond will reasonably ensure the safety of the community. Accordingly, the Court will grant the government's motion for detention.

FINDINGS OF FACT

The defendant was sentenced on June 23, 2000, to 78 months imprisonment and three years of supervised release, as a result of his conviction for the charge of possession of a firearm by a felon. Since the defendant's release on supervision in this matter, he has had at least four violations of his supervision conditions and has had an equivalent number of sentence modifications as a result. He is now alleged to have committed new felony offenses (fleeing police in a motor vehicle and controlled substance offenses) and to have failed to appear for meetings with the probation officer, including those resulting in home visits. Moreover, the defendant has a significant history of driving violations to include multiple offenses for driving under the influence of alcohol. The court is concerned about the defendant's ongoing difficulty with drugs an alcohol and his apparent inability to comply with court ordered supervision.

DISCUSSION

Under 18 U.S.C. § 3148, if there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or

combination of conditions will assure the safety of the community and any other person. Moreover, the defendant's past behavior indicates he is substantially unlikely to abide by court-ordered conditions of supervision.

With this Court's review of the alleged supervised release violations and the defendant's waiver of his right to a preliminary revocation hearing, this Court finds probable cause to believe the defendant committed felony-level offenses while released on supervision. This gives rise to the presumption that the defendant is a danger to the community and any other person such that conditions will be inadequate. The defendant has failed to rebut this presumption, and the evidence establishes by clear and convincing evidence that conditions of release will not ensure the safety of the community. Accordingly, the defendant will be detained.

**CONCLUSION**

Based upon the evidence presented, the Court hereby grants the government's motion for detention, as conditions are inadequate to ensure the safety of the community.

IT IS HEREBY ORDERED that:

1. The motion of the United States for detention of defendant is granted;

2. Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the

extent practicable, from persons awaiting or serving sentences or being held in custody pending trial;

3. Defendant shall be afforded reasonable opportunity to consult privately with his lawyer; and

4. Upon Order of the Court or request by the United States Attorney, the person in charge of the corrections facility in which the defendant is confined shall deliver him to the United States Marshal for the purpose of appearance in connection with a court proceeding.

Dated: November 20, 2007

s/ Janie S. Mayeron
The Honorable Janie S. Mayeron
UNITED STATES MAGISTRATE JUDGE